IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BLANCA POKORNEY | § | |
| | § | |
| Plaintiff | § | C.A. NO. 5:17-cv-128 |
| | § | |
| V. | § | |
| | § | |
| | § | |
| BATH AUTHORITY, LLC DBA | | |
| DREAMLINE AND | § | |
| | | |
| Home Depot USA, Inc. | § | |
| Defendants. | § | |

## DEFENDANT' BATH AUTHORITY, LLC'S NOTICE OF REMOVAL

Defendant, BATH AUTHORITY, LLC DBA DREAMLINE("Dreamline"), pursuant to 28 U.S.C. §§ 1332 and 1441(a), and without waiving any defenses, hereby gives notice of removal of this case from the 73rd Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, and shows the Court as follows:

## I.
## INTRODUCTION

1. Plaintiff, Blanca Pokorny ("Plaintiff") filed this action for alleged damages against named Defendants, Dreamline and Home Depot USA,, Inc.("Home Depot"), in the 73rd Judicial District Court of Bexar County, Texas, on January 18, 2017. The case was assigned Cause No. 2017CI00975, in the state district court. To date, the state court has not issued any rulings in this suit.

2.      Plaintiff's Original Petition alleges that an injury occurred on January 30, 2016, due to the alleged product failure of a shower door at her home located at 5101 Cambray Dr., San Antonio, Texas 78229.

3.      Venue is proper in this district under 28 U.S.C. § 1441(a), because this Court occupies the district and division in which Plaintiff's Original Petition was filed.

4.      Defendant Dreamline's agent for service of process was properly served with Plaintiff's Original Petition by the Secretary of State of the State of Texas on or about January 26, 2017. This Notice of Removal is being filed within 30 days of service and is therefore, timely pursuant to 28 U.S.C. § 1446(b). *See* Copy of Executed Certificate of Service on Defendant, attached hereto as Exhibit A.

5.      Pursuant to 28 U.S.C. § 1446(b)(2)(A), counsel for Defendant Home Depot has consented to this removal action.

6.      Defendant Dreamline will promptly file a copy of this Notice of Removal with the clerk of the state court where the action has been pending.

## II
## BASIS FOR REMOVAL

7.      Removal of this action is proper because there is complete diversity between the parties. 28 U.S.C. § 1332(a). Plaintiff is a citizen of Texas. Defendant Dreamline is a citizen of Pennsylvania because it is incorporated in and has its principal place of business in Pennsylvania. Defendant Home Depot is a citizen of Delaware and Georgia because it is incorporated in Delaware and has its principal place of business in Georgia. The amount in controversy exceeds $75,000, excluding interest, costs, and

attorney's fees. 28 U.S.C. § 1332(a). In Paragraph 35 of Plaintiff's Original Petition, Plaintiff states: "At this time, Plaintiff seeks monetary relief over $1,000,000". *See* Plaintiff's Original Petition filed in state court, attached hereto as Exhibit B. A defendant removing on the basis of diversity jurisdiction need not provide evidence with its notice of removal. 28 U.S.C. § 1446(c)(2); and *Dart Cherokee Basin Oper. Co. v. Owens*, 135 S.Ct 547 (2014) (holding that a notice of removal need only contain a "short plain statement" of the amount in controversy and evidentiary submissions are not required).

## III.
## JURY DEMAND

8. Plaintiff demanded a jury trial in the state court action, and Defendant hereby demands a jury trial on all claims and defenses.

## IV.
## DOCUMENTS FILED WITH THIS NOTICE

9. Defendant files the following documents with this notice:

   EXHIBIT A:   Copy of Executed Certificate of Service;

   and

   EXHIBIT B: Copy of Plaintiff's Original Petition filed in Cause No. 2017CI00975.

## V.
## CONSENT

Home Depot U.S.A., Inc, by and throught its attorney authorized agent, Arthur K. Smith, hereby consents in writing to this removal action.

## VI.
## CONCLUSION

BASED ON THE FOREGOING, Defendant, BATH AUTHORITY DBA DREAMLINE removes this case from the 73rd Judicial District Court of Bexar County, Texas, to this Honorable Court.

Respectfully submitted

LAW OFFICES OF KILPATRICK & DEAS

BY: _____
Frederick Saporsky, III
John F. Deas
SBN: 24033160
9601 McAllister Freeway, Suite 220
San Antonio, TX 78216
Phone: (210) 200-5800
Fax: (866) 221-6120
frederick.saporsky@libertymutual.com
Attorney for Defendant
**Bath Authority LLC DBA Dreamline**

## CERTIFICATE OF SERVICE

I certify that on this 17th day of February, 2017, service required under these rules was made pursuant to Rule 21a.

Anthony R. Garza-Vale
TYLER & PEERY
5822 West IH 10
San Antonio, TX 78201
P: (210) 340-0900
F: (210) 736-9197
Attorney for Blanca Pokorney

_____
Frederick Saporsky, III

# EXHIBIT A

PRIVATE PROCESS

Case Number: 2017-CI-00975

2017CI00975 S00001

**BLANCA POKORNEY**
**VS.**
**BATH AUTHORITY LLC ET AL**
(Note Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
73rd JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: BATH AUTHORITY LLC
         BY SERVING THE TEXAS SECRETARY OF STATE

24 JAN 17
3:33 PM

Raymond Isreal Casas
SCH11538 EXP 6/30/18

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 18th day of January, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 23RD DAY OF JANUARY A.D., 2017.

PETITION

ANTHONY R GARZA-VALE
ATTORNEY FOR PLAINTIFF
5822 W IH 10
SAN ANTONIO, TX 78201-2851



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Eneyda Contreras-Imperial,* Deputy

---

**OFFICER'S RETURN**

I received this citation on _____ at _____ o'clock ___ M. and:( ) **executed** it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____ o'clock ___ M. at:_____ or ( ) not executed because _____ Fees:_____ Badge/PPS #:_____
Date certification expires:_____

_____County, Texas

By:_____

OR:   VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this

RECEIVED
SECRETARY OF STATE
JAN 2 6 2017
Service of Process

_____
NOTARY PUBLIC, STATE OF TEXAS

OR:   My name is_____, my date of birth is_____, and my address is _____, _____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20____.

275247

Declarant      ORIGINAL (DK002)

EXHIBIT B

FILED
1/18/2017 10:55:19 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Laura Rodriguez

2 cits pps/sac/

WJD 505

CAUSE NO. **2017CI00975**

| | | |
|---|---|---|
| BLANCA POKORNEY | § | IN THE DISTRICT COURT |
| *Plaintiff* | | |
| | | |
| VS. | § | **73rd** TH JUDICIAL DISTRICT |
| | | |
| BATH AUTHORITY LLC DBA DREAMLINE; AND HOME DEPOT U.S.A., INC. | § | BEXAR COUNTY, TEXAS |
| *Defendants* | | |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, BLANCA POKORNEY, complaining of BATH AUTHORITY LLC DBA DREAMLINE and HOME DEPOT U.S.A., INC., herein after collectively referred to as Defendants, and for cause of action would respectfully show the Court as follows:

### I. DISCOVERY LEVEL

1. Pursuant to Rule 190 and it's subparts of the Texas Rules of Civil Procedure, discovery is intended to be conducted under Level 3 of said Rule.

### II. NOTICE OF INTENT TO USE DOCUMENTS AND TANGIBLE THINGS

2. Plaintiff hereby gives notice of intent to utilize items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure, 193.7.

### III. PARTIES

3. Plaintiff is an individual residing in Texas. The last three digits of her Texas driver's license are 144. The last three digits of his social security number are 725.

4. Defendant, BATH AUTHORITY LLC DBA DREAMLINE, is a foreign limited liability

1

company doing business in Bexar County, Texas and is required to maintain a registered agent for service of process. It has not designated such an agent. Therefore, said Defendant may be served pursuant to the Texas Long Arm Statute by serving the Citations Unit, Secretary of State of Texas at P. O. Box 12079, Austin, Texas 78711-2079. Defendant BATH AUTHORITY LLC DBA DREAMLINE's address is 75 Hawk Rd., Warminster, Pennsylvania 18974-5102.

5.  Defendant, HOME DEPOT U.S.A., INC., is a foreign for-profit corporation doing business in Bexar County, Texas. Defendant, HOME DEPOT U.S.A., INC., may be served with process by serving its registered agent, Corporation Service Company d/b/a CDC Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### IV. VENUE

6.  Venue is proper in Bexar County, Texas pursuant to V.T.C.A., Civil Practice and Remedies Code, §15.001, et seq in that the cause of action accrued in Bexar County, Texas.

### V. FACTUAL ALLEGATIONS

7.  On January 30, 2016, Plaintiff's husband, Matthew Pokorney, purchased a Dreamline Shower Door from HomeDepot.com.

8.  The shower door was an Infinity-Z 56 to 60 inch by 72 inch framed sliding shower door in brushed nickel, model # 204371052.

9   In or about February of 2016, the shower door was delivered to the Home Depot Store #0581 located at 5101 Cambray Dr., San Antonio, Texas 78229 and picked up by Mr. Pokorney.

10. The shower door was installed in the bathroom at Plaintiff's home in accordance with Dreamline's instructions.

11. On June 6, 2016, Plaintiff was using the shower in the bathroom when, suddenly and without warning, a plastic roller holding the shower door on the sliding track failed causing the

shower door to shatter.

12. The shower door broke into numerous sharp pieces which caused serious lacerations and injuries to Plaintiff, Blanca Pokorney.

## VI. NEGLIGENCE

13. The Plaintiff hereby incorporates by reference paragraphs 1 through 12 as though the same were more fully set forth at length herein.

14. Defendant BATH AUTHORITY LLC DBA DREAMLINE and/or HOME DEPOT U.S.A., INC. were negligent in following particulars:

   a. In failing to use due care in the design, manufacturing, and marketing of the shower door;

   b. In failing to use due care to test and inspect the shower door;

   c. In failing to use proper materials so as to permit the safe use of the shower door, when used for the purpose and in the manner intended;

   d. In failing to warn of the dangers of the shower door;

   e. In failing to warn and/or instruct of the danger when a reasonably prudent person would warn and/or instruct of such;

   f. In failing to inspect the shower for defects;

   g. In failing to use another alternative safer design which would meet the same need but not be unsafe or unreasonably defective;

   h. In failing to use metal rollers in the design of the shower door;

   i. In failing to use the proper tempered safety glass in the design of the shower door; and

   j. In failing to take the shower door off the market and/or promptly remedy the unsafe character of the shower door after knowing same or similar models had experienced similar dangerous defects.

15. As the direct, legal and proximate result of the negligence of Defendants the Plaintiff has sustained severe injuries and damages for which she now sues and Defendants are liable jointly and

severally.

## VII. STRICT PRODUCTS LIABILITY

16. The Plaintiff hereby incorporates by reference paragraphs 1 through 15 as though the same were more fully set forth at length herein.

17. Defendants are liable to Plaintiff under the theory of strict products liability.

18. At all times material hereto, Defendants were engaged in the business of designing, manufacturing, marketing, distributing, selling, and/or supplying shower doors.

19. The shower door was expected to and did reach the Plaintiff and was used by her without substantial change in the condition in which it was manufactured for sale.

20. Defendants breached the duties owed to Plaintiff as mandated by selling the shower door in a defective condition to the ultimate user of the product.

21. The shower door was defective in that it could and did break and/or fail under normal use.

22. The shower door was defective because it did not meet the expectations of a reasonable consumer.

23. The shower door was further defective in that it failed to be properly labeled and have proper warnings.

24. As the direct, legal and proximate result of the breach of the mandates of strict liability law, the Plaintiff has sustained severe injuries and damages for which she now sues and Defendants are liable jointly and severally.

## VIII. DESIGN DEFECT

25. Pleading further, without waiver of the foregoing, Plaintiff contends that the shower door was defective and such defect(s) existed at the time Defendants relinquished possession or control of the shower door.

4

26. Plaintiff contends that the defect(s) rendered the shower door unreasonably dangerous for its intended and reasonably foreseeable uses.

27. Further, the unreasonably dangerous condition of the shower door was a proximate cause of the incident at issue.

28. Defendant BATH AUTHORITY LLC DBA DREAMLINE could have provided a safer alternative design but failed to do so.

## IX. MANUFACTURING DEFECT

29. Pleading further, without waiver of the foregoing, Plaintiff contends that the shower door at issue deviated, in terms of its construction or quality, from the specifications or planned output in a manner that rendered it unreasonably dangerous.

30. The defect(s) existed at the time the shower door left Defendants and the defect(s) was a producing cause of Plaintiff's injury and damages.

## X. MARKETING DEFECT

31. Pleading further, without waiver of the foregoing, Plaintiff contends there was a risk of harm inherent in the shower door or that may arise from the intended or reasonably anticipated use of the shower door.

32. Defendants knew or could reasonably foresee the risk of harm at the time they marketed the shower door but failed to properly warn and/or instruct of such harm.

33. The absence of such warning and /or instruction rendered the shower door unreasonably dangerous to the ultimate user or consumer.

34. Further, the failure to warn and/or instruct was causative nexus in Plaintiff's injuries and damages.

## XI. DAMAGES

35. Pleading further, but not by way of limitation, and adopting paragraph 1-9 above as though fully set forth verbatim, Plaintiff would further show that all damages are within the jurisdictional limits of the Court. At this time, Plaintiff seeks monetary relief over $1,000,000.00, excluding costs, prejudgment interest and attorneys' fees. Plaintiff would further show the amount of damages in this case is best left to the discretion of the jury after all of the evidence is presented at trial.

36. Such damages include, but are not limited to, past and future physical pain and mental anguish, past and future damage to earning capacity, past and future disfigurement, past and future physical impairment, and past and future medical care expenses. All of said damages are a direct and proximate result of the defective and unreasonably dangerous shower door manufactured and/or sold by Defendants.

## XII. JURY DEMAND

37. Plaintiff demands a trial by jury.

## XIII. REQUEST FOR DISCLOSURE

38. Under Texas Rules of Civil Procedure 194, Plaintiff request that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 (a-l). Plaintiff intends on using all documents produced by any and all Defendant as self-authenticated at trial in accordance with Tex. R. Civ. P. 193.7.

## XIV. PRAYER

39. WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Defendants be cited to appear and answer, and that on final trial, Plaintiff recover against Defendants his:

   a. actual damages in a sum in excess of the minimum jurisdictional limits of the Court;

b.  interest before and after judgment at the legal rate;

c.  cost of suit; and

d.  such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

TYLER & PEERY
5822 West IH 10
San Antonio, Texas 78201
(210) 340-0900 PHONE
(210) 736-9197 FACSIMILE

_____
ANTHONY R. GARZA-VALE
State Bar No. 24074260
Anthony@tylerpeery.com

ATTORNEY FOR PLAINTIFF

7